1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9

10

11

12

13

14

15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-cv-01743-MMD-NJK |
| | ) | |
| Plaintiff, | ) | ORDER |
| vs. | ) | |
| | ) | (Docket No. 119) |
| 400 ACRES OF LAND, situated in Lincoln | ) | |
| County, State of Nevada, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

16      Pending before the Court is the United States' Motion to Modify Scheduling Order. Docket

17   No. 119. Defendants the Groom Mine Landowners filed a response, and the United States filed a

18   reply. Docket Nos. 120, 121. Defendants Christine Wheatley Tanis and Mark Tanis filed a joinder

19   to Defendants' response. Docket No. 124.

20   **I.      BACKGROUND**

21      The United States filed this eminent domain action on September 10, 2015. Docket No. 1.

22   On December 21, 2015, the parties submitted a stipulated proposed discovery plan and scheduling

23   order, which the Court denied without prejudice for failure to include a necessary signature. Docket

24   Nos. 57, 58. On January 4, 2016, the parties submitted a second proposed discovery plan and

25   scheduling order, which the Court also denied without prejudice. Docket Nos. 64, 67. On January

26   11, 2016, the parties submitted a third proposed discovery plan and scheduling order, which

27   requested special scheduling review because of the complex nature of the action. Docket No. 70.

28   The Court approved the third proposed discovery plan. Docket No. 71. On August 5, 2016, the

1    parties submitted a stipulation to extend the expert disclosure deadlines. Docket No. 101. The Court

2    approved that stipulation, thereby extending the expert disclosure deadline from August 31, 2016,

3    to October 17, 2016, and the rebuttal expert disclosure deadline from November 30, 2016, to January

4    10, 2017.  Docket No. 102.

5        The United States now requests that the Court suspend the remaining discovery deadlines and

6    set a briefing schedule for pre-rebuttal evidentiary motions or, in the alternative, extend the

7    remaining discovery deadlines by 90 days.  Docket No. 119 at 17.  Defendants respond that: (1)

8    discovery deadlines need not be suspended in order for the United States to file evidentiary motions;

9    and (2) the United States has failed to conduct discovery diligently in this case, and therefore the

10   Court should not amend the scheduling order.  Docket No. 120 at 6-8, 13.

11       Because granting the United States's first request would require the Court to suspend the

12   remaining discovery deadlines, the Court treats it as a request to stay discovery.

13   **II.    ANALYSIS**

14       The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of*

15   *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide

16   for automatic or blanket stays of discovery when a potentially dispositive motion is pending."

17   *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  In deciding whether to grant a

18   stay of discovery, the Court is guided by the objectives of Rule 1[1] to "secure the just, speedy, and

19   inexpensive determination of every action and proceeding."  Further, pursuant to Rule 71.1(j)(2),

20   "the court and attorneys must expedite the proceedings so as to distribute the deposit and to

21   determine and pay compensation."

22       The United States submits that Defendants have disclosed 11 case-in-chief expert reports

23   with a wide range of opinions and methodologies regarding value. *See, e.g.*, Docket No. 119 at 2-3.

24   Further, the United States asserts that many of these opinions contain improper and/or inadmissible

25   valuation techniques.  *Id.*  Prior to expending large amounts of money addressing improper and/or

26   inadmissible opinions, the United States asks for the opportunity to have the Court narrow the issues.

27

28       [1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1  *Id.* at 2-4.  The United States therefore asks the Court to stay discovery until the resolution of

2  threshold evidentiary motions that it will file pursuant to a briefing schedule it asks the Court to set.

3  *See, e.g.*, *id.*  The United States submits, *inter alia*, that "this course will prevent needless and costly

4  expert discovery on inadmissible matters."  Docket No. 119 at 3.  Defendants submit that the Court

5  need not stay discovery in order for the United States to file evidentiary motions.  Docket No. 120

6  at 20.  This course of action, however, would not allow the Court to rule on motions in a manner that

7  would benefit any party's accurate disclosure of rebuttal expert opinions.

8        The Court finds that it is in keeping with Rules 1 and 71.1(j)(2) to follow the course

9  requested by the United States.  This method will allow the just, speedy, and inexpensive

10  determination of the issues so that the parties can focus on proper value methodologies and the

11  disclosure of proper rebuttal expert reports.  This method will, therefore, allow the expedited

12  proceedings to occur pursuant to Rule 71.1(j)(2), rather than necessitating a reopening of discovery

13  deadlines if the threshold issues are not resolved until after the close of discovery.[2]

14  **III.**    **CONCLUSION**

15        Accordingly, the United States' motion, Docket No. 119, is hereby **GRANTED**.  It is

16  therefore **ORDERED** that the parties shall file all motions regarding threshold discovery issues, no

17  later than January 10, 2017.

18        **IT IS FURTHER ORDERED** that the remaining discovery deadlines are stayed pending

19  the order resolving the threshold discovery motions.  No later than 7 days after the motions are

20  resolved, the parties shall file a joint proposed discovery plan with proposed dates for the remaining

21  discovery deadlines.

22        IT IS SO ORDERED.

23        Dated: December 29, 2016

24                          _____

                       NANCY J. KOPPE

25                         United States Magistrate Judge

26

27

    [2] As the Court has granted the United States' motion, it need not reach the alternate request

28  for an extension of the remaining discovery deadlines.