# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-01743-MMD-NJK |
| vs. | ) | ORDER |
| 400 ACRES OF LAND, MORE OR LESS, SITUATED IN LINCOLN COUNTY, STATE OF NEVADA, et al., | ) | (Docket No. 131) |
| Defendants. | ) | |

Pending before the Court is Interested Parties the Sheahan Landowners' ("Sheahan Landowners") motion to compel entry onto the subject property. Docket No. 131. Plaintiff filed a response, the Sheahan Landowners filed a reply, and Plaintiff filed a sur-reply with the Court's permission. Docket Nos. 151, 169, 186. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the Court hereby **DENIES** the Sheahan Landowners' motion to compel. Docket No. 131.

I. BACKGROUND

On September 10, 2015, Plaintiff initiated this action by filing a complaint in condemnation against the subject property for the purpose of operating a military test and training facility known as the Nevada Test and Training Range ("NTTR"). Docket No. 1. On September 16, 2015, the Court granted Plaintiff's *ex parte* motion for order of immediate possession of the subject property. *See* Docket Nos. 11, 13. The only issue in this case is the amount of just compensation to be awarded, with the date of valuation set at September 10, 2015. *See, e.g.*, Docket No. 131 at 3.

## II.  DISCOVERY DISPUTE

The Sheahan Landowners initially approached Plaintiff about entering and inspecting the subject property for an extended period of time on November 3, 2016.  Docket No. 131-8.  Plaintiff refused, and the parties were ultimately unable to resolve the issue.  *See, e.g.*, Docket No. 131 at 18-19.  The Sheahan Landowners now ask the Court to compel Plaintiff to allow them to enter the subject property for 60-90 days "to conduct a reasonable and limited drilling program on the Subject Property to sample, test, and evaluate the resource determinations."  *Id.* at 4.

When a party fails to provide requested discovery, the requesting party may move to compel that discovery.  *See* Fed. R. Civ. P. 37(a).  Additionally, the "party resisting discovery bears the burden of showing why a discovery request should be denied."  *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Tr. Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011)).

"[B]road discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  The recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary and wasteful discovery."  *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

Rule 34(a)(2) provides that:

> A party may serve on any other party a request within the scope of Rule 26(b): to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

1  While the Ninth Circuit has not provided guidance on the scope of this rule, district courts in this
2  circuit have adopted the Fourth Circuit's approach to requests to enter and inspect land as set forth
3  in *Belcher v. Basset Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). *See, e.g.*, *Keith H.*
4  *v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659 (C.D. Cal. 2005); *Soler v. Cty. of San Diego*,
5  2016 WL 3460255, at *3 (S.D. Cal. June 24, 2016); *Osborne v. Billings Clinic*, 2015 WL 1412626,
6  at *4 (D. Mont. Mar. 26, 2015); *Selvar v. W. Towboat Co.*, 2012 WL 5389135, at *2 (W.D. Wash.
7  Nov. 2, 2012); *Voggenthaler v. Md. Square*, 2011 WL 112115, at *8 (D. Nev. Jan. 13, 2011);
8  *E.E.O.C. v. U.S. Bakery*, 2004 WL 1307915, at *2 (D. Or. Feb. 4, 2004). In *Belcher*, the Court stated
9  that, "[s]ince entry upon a party's premises may entail greater burdens and risks than mere
10 production of documents, a greater inquiry into the necessity for inspection would seem warranted."
11 588 F.2d at 908. The Court further noted that "the degree to which the proposed inspection will aid
12 in the search for truth must be balanced against the burdens and dangers created by the inspection."
13 *Id.*

14 Here, the Sheahan Landowners submit that, *inter alia*, the discovery requested is within the
15 scope of Rules 26(b)(1) and 24(a)(2), and statements made by one of Plaintiff's experts, Marc P.
16 Springer, confirm its relevance. *See* Docket No. 131 at 7-16. Plaintiff responds that, *inter alia*, the
17 Sheahan Landowners mischaracterize Mr. Springer's statements and the discovery sought is unduly
18 burdensome and of little to no benefit to this action. *See* Docket No. 151 at 2-25.

19 In discussing burden, Plaintiff submits that allowing continuous access for even a week or
20 less, let alone the requested 60 to 90 days, would result in serious financial and national security
21 issues. *See, e.g.*, *id.* at 2. The Sheahan Landowners reply that, *inter alia*, the discovery sought is
22 relevant and not unduly burdensome. *See* Docket No. 169 at 2-16. In replying to Plaintiff's
23 assertions regarding burden, the Sheahan Landowners submit that they will "already have to be on
24 the Subject Property for three to six months to relocate [their] personal property." *Id.* at 2. In its sur-
25 reply, Plaintiff asserts that the Sheahan Landowners are incorrect, as "[n]on-authorized personnel
26 will have access to the property for **no more than two to three consecutive days**" at a time "in

27
28                                          3

connection with the relocation of personal property." Docket No. 186 at 2 (emphasis in original). Plaintiff further submits that, according to a recent estimate, the relocation will take no more than 30 days in total. *Id.*; Docket No. 187 at 2.

The purpose of the discovery requested, the Sheahan Landowners submit, is to resolve a dispute between the parties' experts regarding the valuation of the property. Docket No. 131 at 6-9. Plaintiff contends, however, that the difference in the parties' experts' opinions regarding value "is rooted not in what lies beneath the [subject] property, but rather in their disagreement over the market for property such as the Subject on the date of value." Docket No. 151 at 2. Indeed, Plaintiffs' expert opined that his estimate of the property's value would not change even if the subject property contained more mineral wealth than he estimated. Docket No. 151 at 9; Docket No. 156 at 5. The Sheahan Landowners do not contest, let alone meaningfully address, these assertions. *See* Docket No. 169. Moreover, one of the Sheahan Landowners' own experts stated that his findings do not take into account the likelihood of a market participant undertaking additional mining on the subject property. Docket No. 131-4 at 3.

Further, Plaintiff submits that the subject property, which is located within the NTTR, "provides a clear and unobstructed view of classified national defense missions." Docket No. 151 at 4. Plaintiff submits that, for safety reasons, it "must cancel classified national defense missions occurring within the NTTR and its remote operating locations whenever private parties are present at the [subject] property." *Id.* Patricia J. Zarodkiewicz, the Administrative Assistant to the Secretary of the Air Force, submits that the requested entry and testing are "absolutely infeasible for national security purposes," would constitute "an unprecedented interruption of national defense testing and training at an active military facility," would jeopardize overseas operations, and could easily cost millions of dollars per week. Docket No. 152 at 3-4. Plaintiff has, however, indicated that the Sheahan Landowners' experts will continue to have access to the property to conduct day-long inspections; therefore, the Sheahan Landowners will still be able to inspect the property. Docket No. 151 at 2. Thus, the burden and expense of the discovery sought appear extraordinarily high.

III. CONCLUSION

The Court finds that, on balance, the burden and expense of the discovery sought by conducting a 60-90 day drilling program on the subject property far outweigh any potential benefit. The Court also finds that the discovery sought is not proportional to the needs of the case.

Accordingly, the Sheahan Landowners' motion to compel, Docket No. 131, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: March 10, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge