# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>400 ACRES OF LAND, more or less, situated in Lincoln County, State of Nevada.<br><br>Defendant(s). | Case No.: 2:15-cv-01743-MMD-NJK<br><br>**Order**<br><br>(Docket Nos. 358, 364) |

Pending before the Court is Plaintiff United States' motion to strike Sheahan Landowners' expert report prepared by Tio DiFederico. Docket No. 358. The Court has considered Plaintiff's motion, Sheahan Landowners' response to Plaintiff's motion, Sheahan Landowners' counter-motion to strike Plaintiff's rebuttal expert reports prepared by Nathan Moeder and Maurice Robinson, Plaintiff's reply, and Sheahan Landowners' erratas. Docket Nos. 358, 362, 364, 365, 366, 368. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **DENIES** Plaintiff's motion to strike. Docket No. 358. The Court further **DENIES** Sheahan Landowners' counter-motion to strike. Docket No. 364.

**I.     Background**

The instant case involves a complaint for condemnation filed by Plaintiff, on behalf of the Secretary of the Air Force, to determine an award for just compensation to Sheahan Landowners for the subject property ("Property"). *See generally* Docket No. 1. Discovery in the instant case has been ongoing since 2015; therefore, the Court notes only the following relevant deadlines and

1

procedural history: (1) on October 20, 2016, the parties exchanged their initial case-in-chief expert reports (Docket Nos. 102 at 3, 358 at 2); (2) on February 21, 2018, the parties exchanged rebuttal expert reports (Docket Nos. 322 at 3, 358 at 3); (3) on August 9, 2018, Sheahan Landowners disclosed Mr. DiFederico's expert report at issue (Docket No. 358 at 4); and (4) the discovery cut-off is August 28, 2018, and the joint pretrial order deadline is December 14, 2018. Docket Nos. 348, 361 at 5.

**II.  Standards**

A party must disclose the identity of any expert witness it intends to use at trial. Fed.R.Civ.P. 26(a)(2)(A). The party must also provide a written report of the expert. Fed.R.Civ.P. 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the Court orders. Fed.R.Civ.P. 26(a)(2)(D). Parties also have a duty to supplement their disclosures. Fed.R.Civ.P. 26(e).

Prior to determining the timeliness of an expert report, it may be necessary for the Court to properly characterize the report at issue. *See AMTRAK v. Young's Commer. Transfer, Inc.*, 2016 U.S. Dist. LEXIS 52399, at *9-16 (E.D. Cal. Apr. 18, 2016); *see also Stamas v. Cty. of Madera*, 2011 U.S. Dist. LEXIS 27405, at *14-18 (E.D. Cal. Mar. 3, 2011). Rebuttal expert reports are proper if they are "intended solely to contradict or rebut evidence on the same subject matter identified by" another party's initial expert disclosure. Fed.R.Civ.P. 26(a)(2(D). Rebuttal expert reports cannot present new arguments or "contradict an expected and anticipated portion of the other party's case-in-chief." *See R&O Constr. Co. v. Rox Pro Int'l Group, Ltd.*, 2011 U.S. Dist. LEXIS 78032, at *5-6 (D. Nev. July 18, 2011) (internal citation omitted).

With regard to expert reports, "the party's duty to supplement extends to both information included in the report and to information given during the expert's deposition." Fed.R.Civ.P. 26(e)(2). "However, an expert's duty to supplement under Rule 26(e) is not a right to supplement at will." *Colony Ins. Co. v. Colorado Casualty Ins. Co.*, 2014 U.S. Dist. LEXIS 72616, at *3 (D. Nev. May 28, 2014) (internal citation omitted).

//

> A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report. Rather, supplementation under the Rule means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.

*Id.*

"Generally speaking, supplementation of an expert report is proper where it is based on new information obtained after the expert disclosure deadline and the supplemental report was served before the time for pretrial disclosures." *Id.* at 5.

If the substance of a report is sufficient to characterize it as a supplement, the Court then determines whether it was timely disclosed. Fed.R.Civ.P. 26(e) requires supplemental reports to be produced in a "timely manner," measured from the date the disclosing party obtained the new information. *See Silvagni v. Wal-Mart Stores*, 2017 U.S. Dist. LEXIS 179230, at *4-5 (D. Nev. Oct. 30, 2017) ("[S]upplementation must be ['reasonably prompt' and] provided 'at the appropriate intervals' upon learning new information") (internal citation omitted). While this measurement is construed according to the circumstances of each case, the Court is mindful of the "gaping loophole" of a liberal construction of Fed.R.Civ.P. 26(e), which could expose parties to an endless stream of reports. *Id.* Nonetheless, supplemental reports must be disclosed "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," or 30 days prior to trial, unless otherwise ordered by the Court. Fed.R.Civ.P. 26(a)(3)(B), (e)(2).

If disclosure is deemed untimely, or otherwise fails to meet the requirements under Fed.R.Civ.P. 26(a) and (e), Fed.R.Civ.P. 37(c)(1) provides that the disclosing party may not use the information at trial, "unless the failure was substantially justified or harmless." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* ("*Yeti*"), 250 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37 'gives teeth' to the disclosure requirements of Rule 26…"). It is within the Court's discretion, however, to determine the appropriate sanctions. Fed.R.Civ.P. 37(c)(1); *see also Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (listing the five factors Courts look to in determining the appropriate sanction). Even if the disclosing party is unable to show substantial justification or harmlessness, the Court is not required to exclude evidence. *See Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011).

3

## III. Analysis

Plaintiff submits that Mr. DiFederico's expert report at issue is improper because it is untimely and includes new information to "bolster" Sheahan Landowners' initial expert reports. Docket No. 358 at 6. Plaintiff further submits that Mr. DiFederico's analysis of estimated expenses to operate the Property as a tourist commercial business was not included in his initial expert report, in which Mr. DiFederico stated that the analysis "was not necessary for [his] methodology." *Id.* Additionally, Plaintiff submits that the report is not a proper supplement because the information on which it is based was available at the time of Sheahan Landowners' initial disclosures, as is evidenced by the initial expert reports prepared by Terrance Clauretie and Cameron Steinagle, which discuss similar estimated expenses. *Id.* at 7. Plaintiff also submits that the untimeliness is not substantially justified because Sheahan Landowners could have sought leave from the Court to supplement Mr. DiFederico's initial expert report and "inexplicitly kept [the report] under wraps" from July 26, 2018, when the report was prepared, to August, 9, 2018, when it was disclosed to Plaintiff. *Id.* at 7-8. Finally, Plaintiff submits that the untimeliness is not harmless because it is not practical or reasonable for it to prepare for and depose Mr. DiFederico a second time, formulate a rebuttal expert report, or otherwise dedicate resources to resolve the issue prior to the discovery cut-off. *Id.* at 8.

In response, Sheahan Landowners submit that Plaintiff knew that the financial feasibility of operating the Property as a tourist commercial business would be a principal issue in the instant case and, therefore, should have included all related arguments in its initial expert reports, as opposed to in its rebuttal expert reports. Docket No. 365 at 2-3. Sheahan Landowners further submit that Plaintiff purposefully "soft-peddled" its initial expert report by Warren Neville so Sheahan Landowners would be unable to respond to new arguments disclosed in its rebuttal expert reports. *Id.* at 3-6. Additionally, Sheahan Landowners submit that Mr. DiFederico's expert report was proper because it was a narrow and limited response to new information improperly included in Plaintiff's rebuttal expert reports prepared by Mr. Moeder and Mr. Robinson.[1] *Id.* at 6-9.

---

[1] Sheahan Landowners submit that Mr. Moeder's and Mr. Robinson's rebuttal expert reports were improper because they included new information as to the riskiness of the investment in the Property as a tourist commercial business and the required rate of return for investors.

Sheahan Landowners further submit that the report's untimeliness is substantially justified and harmless because if Plaintiff had "timely disclosed its case-in-chief opinions, then the information and opinions in the DiFederico Supplement would have been disclosed as a timely rebuttal opinion…." *Id.* at 11. Sheahan Landowners also submit that, although the report was prepared on July 26, 2018, it took until August 9, 2018, to collect the work-file documents and bates-stamp the report. *Id.* at 11-12. Finally, Sheahan Landowners submit that Plaintiff's motion is premature in regards to the argument that they can rely on other expert reports for the financial feasibility of operating the Property as a tourist commercial business because "no party currently knows what [evidence] will and will not be available to any party at trial." *Id.* at 12.

In reply, Plaintiff submits that, construed as a sur-rebuttal, Mr. DiFederico's expert report is improper because it does not explicitly or implicitly rebut Mr. Moeder or Mr. Robinson's analysis. Docket No. 368 at 2-4. Plaintiff further submits that sur-rebuttals are inappropriate when disclosed three weeks prior to the discovery cut-off, especially because Sheahan Landowners received Mr. Moeder's and Mr. Robinson's rebuttal expert reports in February 2018 and deposed them by May 2018 and, therefore, have had sufficient time to address any perceived improprieties with their reports. *Id.* at 4-5. Finally, Plaintiff submits that Mr. Moeder's and Mr. Robinson's reports were properly disclosed as rebuttals because they were timely and provided "detailed, specific critiques linked to deficiencies in [Sheahan Landowners'] case-in-chief disclosures." *Id.* at 5-6.

The burden is on the disclosing party to show that its untimely disclosure was substantially justified or harmless. *See Yeti*, 259 F.3d at 1107. Sheahan Landowners argue that they were substantially justified in disclosing Mr. DiFederico's expert report on August 9, 2018, because Mr. Moeder's and Mr. Robinson's expert reports were untimely disclosed as well. Docket No. 365 at 11. Sheahan Landowners argue that "any alleged harm … could have been avoided if [Plaintiff]

---

Docket No. 365 at 6-7. Therefore, Sheahan Landowners submit, these reports were improperly disclosed as rebuttal expert reports and should have been included in Plaintiff's initial disclosures. *Id.* at 6-8. Sheahan Landowners advance these same arguments in their counter-motion to strike Mr. Moeder's and Mr. Robinson's reports, further submitting that Plaintiff cannot prove that the untimeliness is substantially justified or harmless because it willfully disclosed these reports late to prevent Sheahan Landowners from responding. Docket No. 366 at 9-10.

5

had not soft-peddled its case-in-chief." *Id.* This argument is unsupported, and not meaningfully developed. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

"Harmlessness may be established if a disclosure is made sufficiently before the discovery cut[-]off to enable the movant to depose the expert and challenge his expert report." *Pacific Indemnity Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. 2016) (citing *Boliba v. Camping World, Inc.*, 2015 U.S. Dist. LEXIS 82709, at *3-4 (D. Nev. June 24, 2015)). In the instant case, the discovery cut-off is August 28, 2018. Docket No. 348 at 4. Plaintiff received Mr. DiFederico's expert report on August 9, 2018, nineteen days before the discovery cut-off. Docket No. 358 at 4. Plaintiff alleges that it is not practical or reasonable for it to dedicate resources to respond to Mr. DiFederico's expert report by the discovery cut-off. *Id.* at 8. The Court finds that the parties' resources and time would have been more appropriately spent cooperating to address the instant issue, as opposed to involving the Court.[2] *See Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) ("Discovery is supposed to proceed with minimal involvement of the Court") (internal citation omitted); *see also* Fed.R.Civ.P. 1 (requiring the cooperation of parties by securing "the just, speedy, and inexpensive determination of every action and proceeding"). The Court finds that Plaintiff had sufficient time before the discovery cut-off to depose Mr. DiFederico or otherwise disclose a rebuttal expert report and, therefore, any untimeliness in disclosing Mr. Federico's expert report was harmless.

To eliminate any potential prejudice, the Court extends the discovery cut-off to September 14, 2018, for the limited purpose of allowing Plaintiff time to depose Mr. DiFederico or otherwise disclose a rebuttal expert report. *See Western Alliance Bank v. Jefferson*, 119 F. Supp. 3d 961, 969 (D. Ariz. 2015) ("[A]lthough the Court is not sanguine about re-opening the pre-trial schedule … [i]n order to assure that the parties' claims and defenses are decided on the merits, the court will extend the pre-trial schedule…"); *see also Niemeyer v. Ford Motor Co.*, 2012 U.S. Dist.

---

[2] The proper characterization of Mr. DiFederico's report would not affect Plaintiff's burden to show substantial justification or harmlessness, and does not change the Court's decision on the sufficiency of the time before the discovery cut-off available to Plaintiff. The Court therefore does not opine on the character of Mr. DiFederico's report.

6

LEXIS 4849, at *22 (D. Nev. Jan. 17, 2012) ("Any prejudice caused by [the untimely disclosure] can be easily eliminated by allowing [the plaintiffs] an opportunity to reopen the depositions of these experts…").

## IV. Conclusion

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to strike. Docket No. 358. The Court further **DENIES** Sheahan Landowners' counter-motion to strike. Docket No. 364. The Court **EXTENDS** the discovery cut-off to September 14, 2018, for the limited purpose of allowing Plaintiff to either depose Mr. DiFederico or disclose a rebuttal expert report. **NO FURTHER EXTENSIONS WILL BE GRANTED**.

IT IS SO ORDERED.

Dated: August 27, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge