UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>400 ACRES OF LAND, more or less, situate in Lincoln County, State of Nevada; and JESSIE J. COX, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01743-MMD-NJK<br><br>ORDER |

The Court granted the government's motion to appoint a land commission, finding that such appointment is appropriate in light of the parties' disparate positions on highest and best use and the remote, backcountry character of the property at issue. (ECF No. 497 at 8.) The Court also appointed three qualified and disinterested individuals as Commissioners. (ECF No. 522.) The Court now determines how the costs of the Commission should be apportioned among the parties. The Court reviewed the parties' briefing on this issue (ECF Nos. 509, 510) following discussion at a status conference on September 6, 2019 (ECF No. 501).

The Court finds that costs of the Commission should be divided among the parties with the government bearing 75% of the costs and Landowners bearing 25% of the costs. The Court finds that the government should bear the bulk of the costs based on their implication at an earlier hearing that they would be willing to pay such costs. Costs of the Commission surfaced as an issue when the Court heard argument on July 1, 2019 on the government's motion to appoint a land commission. (ECF No. 493 (minutes of proceeding); ECF No. 496 (transcript).) Landowners opposed the government's motion based in part on their concern that the Commission would be too costly. (ECF No. 496 at

1  51, 56-57.) The government addressed Landowners' concern by stating
2  "[o]rdinarily . . . the parties would split the costs, but if the Court were to order otherwise
3  and make the United States pay, then we would pay those costs." (*Id.* at 57-58.) The clear
4  implication at the hearing was that Landowners' concern about cost is invalid because the
5  government was willing to pay the Commission costs. Nevertheless, the transcript does
6  not show that the government would acquiesce to such an order without objection. And
7  the Court finds that it is appropriate for the Landowners to bear some of the costs in order
8  to incentivize them to present evidence and argument judiciously and expediently. The
9  course of this litigation has shown that Landowners occasionally file motions that
10 needlessly cause the Court to expend judicial resources. For example, Landowners filed
11 numerous motions to strike the government's motions in limine that "border[ed] on being
12 frivolous." (ECF No. 496 at 3.)

13 Landowners argue that the government must pay all costs associated with the
14 Commission based on the Advisory Committee Notes to Federal Rule of Civil Procedure
15 71.1(l), but the Court is unpersuaded. The note in question states in relevant part:

> Costs of condemnation proceedings are not assessable against the condemnee, unless by stipulation he agrees to assume some or all of them. Such normal expenses of the proceeding as bills for publication of notice, commissioners' fees, the cost of transporting commissioners and jurors to take a view, fees for attorneys to represent defendants who have failed to answer, and witness' fees, are properly charged to the government, though not taxed as costs.

20 Fed. R. Civ. P. 71.1, Note to Subdivision (l). The government points out that this portion
21 of the note quotes a Lands Division Manual that is almost eighty years old. (ECF No. 510
22 at 5.) The government notes that practices have changed and cites three recent orders in
23 which courts required parties to share Commission costs. (*Id.* at 5-6.) The Court takes
24 judicial notice of those cases, which are attached as exhibits to the government's brief.
25 (ECF Nos. 510-3, 510-4, 510-5.) Accordingly, the Court rejects Landowners' argument
26 based on the Advisory Committee Note.

27 Landowners further argue that they cannot afford the costs of the Commission. But
28 that assertion is inconsistent with the way this case has been litigated. Landowners have

2

hired numerous experts and filed numerous non-essential motions that have at times bordered on being frivolous. The Court is unpersuaded that Landowners cannot afford the costs of the Commission.

It is therefore ordered that the government will bear 75% of the costs of the Commission and Landowners will bear 25% of the costs of the Commission.

DATED THIS 26th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE