NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

TROY K. FLAKE
Deputy Civil Chief
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: troy.flake@usdoj.gov

EUGENE N. HANSEN
JOHANNA M. FRANZEN
ANTHONY C. GENTNER
MARK C. ELMER
Trial Attorneys, U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Telephone: 202-305-0301
Facsimile: 202-514-8865
Email: eugene.hansen@usdoj.gov
      johanna.franzen@usdoj.gov
      anthony.gentner@usdoj.gov
      mark.elmer@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cv-01743-MMD-NJK |
| Plaintiff, | **STIPULATION REGARDING IN LIMINE ISSUES** |
| v. | |
| 400 ACRES OF LAND, more or less, situate in Lincoln County, State of Nevada; and JESSIE J. COX, et al., | |
| Defendants. | |

The Parties respectfully submit the following Stipulation Regarding *In Limine* Issues:

**RECITALS**

WHEREAS, the Court's Scheduling Order requires that the Parties file any motions *in limine* in this case no later than November 1, 2019 (ECF 506);

WHEREAS, on October 22, 24, and 31, 2019, the Parties met and conferred in an effort to resolve all proposed motions *in limine* without Court involvement;

WHEREAS, the Parties reached agreement on several issues pertaining to the proposed motions *in limine*;

WHEREAS, the Parties have recorded their agreement in this Stipulation; and

WHEREAS, the Parties respectfully request that the Court so order these stipulations.

**STIPULATIONS FOR TRIAL**

NOW THEREFORE, the Parties stipulate as follows with respect to the trial scheduled in this case:

1.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning the tax-assessed value of the land taken in this eminent domain proceeding (hereafter "Subject Property").

2.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning the quantum of any intra-family transfer of the Subject Property.[1]

3.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference that taxpayers are responsible for paying any award of just compensation.

4.) Landowners' expert witness Tio DiFederico shall not sponsor his $56,870,000 sales-comparison valuation and $57 million final value conclusion (hereafter, individually and collectively, the "$57 million valuation"). Mr. DiFederico instead may sponsor his $49,870,000 million sales-comparison valuation and $50 million final value conclusion (hereafter,

---

[1] The United States makes this stipulation in light of the Court's prior ruling excluding Landowners' opinions of value.

1

individually and collectively, the "$50 million valuation") as quantified in his Supplemental Analysis dated July 26, 2018 and referencing his Appraisal of Real Property Groom Mine dated October, 13, 2016. The Parties, their witnesses, and counsel accordingly shall not put forward any evidence, question, argument, testimony, or reference to Mr. DiFederico's $57 million value. The United States further stipulates and agrees that it will not contend or elicit any testimony suggesting that the $50 million valuation fails to appraise the entire condemned estate.

5.) Unless otherwise ordered by the Court or Commission (as authorized by the Court), the Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning the capitalization rate and/or discount rate that could be used to value the Subject Property under the income capitalization approach as the Court excluded the income capitalization approach.[2] This stipulation is without prejudice to any appellate right to challenge the exclusion of the income capitalization approach as a method to value the Subject Property.

6.) Unless otherwise ordered by the Court or Commission (as authorized by the Court), the Parties stipulate and agree that the Court's reasoning in excluding the Qualtrics surveys from trial (see ECF 497 at 51-53) applies to exclude the surveys which were administered at the Alien Research Center for this case (the "ARC Surveys"). The Parties, their witnesses, and counsel accordingly shall not put forward any evidence, question, argument, or testimony, regarding the ARC Surveys.[3] This stipulation is without prejudice to any appellate right to challenge the exclusion of the Qualtrics and ARC Surveys.

7.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning (a) allegations that the United States Air Force and/or other governmental officials have held people at gunpoint or otherwise detained

---

[2] The Landowners make this stipulation in light of the Court's prior ruling excluding the use of the income capitalization approach.

[3] Should the Commission inquire whether any surveys were conducted in this matter, the parties shall be able to reference that the Qualtrics and ARC surveys were conducted and the reason for the Court's exclusion.

2

people on or near the Subject Property; (b) illness and deaths due to radiation from atomic testing, including impacts to animals; and (c) bullets strafing the property.  Notwithstanding the foregoing, Landowners may put forward evidence of bullets allegedly strafing the Subject Property in the late 1940s-early 1950s but only in the event that the United States, its counsel, or its witnesses contend or suggest that mining production on the Subject Property declined in the late 1940s-early 1950s because of diminishing ore quality and/or amounts.

8.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning the United States' deposit of $1.2 million as the estimated just compensation or the Landowners' withdrawal of any portion thereof.

9.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning (a) amounts offered to settle or avoid the 2015 condemnation of the Subject Property or any conduct or statement made during negotiations regarding the 2015 Condemnation of the Subject Property (including offers made by the Parties in 2014 and 2015) and (b) the settlement of Landowners' claim for relocation expenses.  The Parties recognize, however, that certain historical documents reflecting prior negotiations and offers (*i.e.*, documents created prior to 2014) otherwise may be relevant and admissible.

10.) The Parties, their witnesses, and counsel shall not put forward any evidence, question, argument, testimony, or reference concerning the character and motivations of opposing counsel,  specifically any allegations that counsel has attempted to delay this proceeding and/or has engaged in discovery violations. This stipulation in and of itself shall not prevent Landowners' expert witnesses from testifying concerning (or Landowners otherwise seeking to admit) the document entitled "Work Plan, Groom Mine Preliminary Assessment/Site Inspection" (Bates stamped US0012619 -662) ("PA/SI") or raising the timing of the disclosure of the PA/SI, although the United States reserves its right to object to such testimony, argument, and/or the introduction of the PA/SI into evidence on other grounds besides this stipulation.

11.) Unless otherwise ordered by the Court or Commission (as authorized by the Court), the Parties, their witnesses, and counsel shall not put forward any evidence, question,

argument, testimony, or reference concerning Landowners' request to have core drilling and testing performed on the Subject Property after the filing of this case beyond an instruction to the Commission. The substance of this Commission instruction will be drafted later by the Parties and proposed to the Court, but, generally, the Parties agree that the Commission should be instructed at the commencement of trial that Landowners requested core drilling and testing be performed, that the United States opposed this request because, among other things, it would not lead to information relevant to the property's value as of the date of value and because of the burdens imposed by the request, including the burden of having civilian access on the property for one day or longer, and that the Court denied Landowners' motion to compel entry to the Subject Property to perform core drilling and testing.

WHEREFORE, the Parties respectfully request that the Court so order the above stipulations.

**SO ORDERED:**

_____
THE HON. MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2019.


FOR THE PARTIES:


Dated November 1, 2019

                                          ON BEHALF OF PLAINTIFF:

                                          NICHOLAS A. TRUTANICH
                                          United States Attorney
                                          District of Nevada

TROY K. FLAKE
Deputy Civil Chief
District of Nevada

/s/ *Eugene N. Hansen*
/s/ *Johanna M. Franzen*
EUGENE N. HANSEN
JOHANNA M. FRANZEN
ANTHONY C. GENTNER
MARK C. ELMER
Trial Attorneys
U.S. Department of Justice


ON BEHALF OF DEFENDANT SHEAHAN LANDOWNERS:

**LAW OFFICES OF KERMITT L. WATERS**

*/s/   James J. Leavitt*
KERMITT L. WATERS, ESQ.
Nevada Bar No. 2571
JAMES J. LEAVITT, ESQ.
Nevada Bar No. 6032
MICHAEL SCHNEIDER, ESQ.
Nevada Bar No. 8889
AUTUMN L. WATERS, ESQ.
Nevada Bar No. 8917
*Attorneys for Defendant Sheahan*
*LANDOWNERS*


ON BEHALF OF DEFENDANT TANIS LANDOWNERS:

**GUNDERSON LAW FIRM**

*/s/ John R. Funk*
MARK H. GUNDERSON, Bar No. 2134
JOHN R. FUNK, Bar No. 12372
*Attorneys for Defendant Tanis Landowners*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2019, I caused the foregoing Stipulation Regarding In Limine Issues to be served on all parties who have appeared in this action using the Court's case management/electronic case filing system. I further certify that on November 1, 2019, the United States sent a copy of the foregoing via U.S. mail to the following interested parties:

| | |
|---|---|
| Sandra Sears-Lavallee<br>1172 Skyline Road<br>Henderson, NV 89002 | Debbie DeVito<br>c/o Stanley Pedder<br>3445 Golden Gate Way<br>Lafayette, CA 94549 |
| John B. Sheahan<br>address unknown | Melanie Goodpasture<br>P.O. Box 7044<br>Cotati, CA 94931 |
| Deborah Lynn Sheahan<br>4662 Gabriel Drive<br>Las Vegas, NV 89121 | House Rabbit Society<br>c/o Anne Martin (Registered Agent)<br>148 Broadway<br>Richmond, CA 94804 |
| Diane Sibley-Origlia<br>1615 Via Romero<br>Alamo, CA 94507 | Animal Place<br>c/o Kim Sturla (Registered Agent)<br>17314 McCourtney Road<br>Grass Valley, CA 95949 |
| Katherine Kell<br>c/o Stanley Pedder<br>3445 Golden Gate Way<br>Lafayette, CA 94549 | Hui Chu Poole<br>165 Lakewood Road<br>Walnut Creek, CA 94598 |
| Amy E. Sears<br>P.O. Box 71<br>Pioche, NV 89043 | |

/s/ *Johanna M. Franzen*
Johanna M. Franzen