UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>400 ACRES OF LAND, more or less, situated in Lincoln County, State of Nevada; and JESSIE J. COX, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01743-MMD-NJK<br><br>ORDER |

## I. SUMMARY

In this eminent domain action, the Court has found that the United States' taking of property ("the Property") for the purpose of operating the Nevada Test and Training Range ("NTTR"), a military test and training facility at Nellis Air Force Base, is for a congressionally authorized public use. (ECF No. 111 at 1.) The amount of just compensation based on the Property's highest and best use is the sole remaining issue in this case. Before the Court are two motions: the United States' motion *in limine* to exclude certain evidence at trial before the land commission ("Land Commission") the Court appointed (the "Motion in Limine") (ECF No. 541); and the Landowners' motion for leave to provide an offer of proof on the Qualtrics 1 and 2 surveys ("Qualtrics Surveys") (the "Survey Motion") (ECF No. 545).[1] As further explained below, the Court will mostly deny both motions.

///

///

---

[1] The Court reviewed the parties' responses and replies to these motions. (ECF Nos. 547, 549, 557, 564.)

## II. BACKGROUND

The Court incorporates the background facts set forth in the Court's prior order on the parties' motions involving other evidentiary issues. (ECF No. 497 at 2-3.)

## III. DISCUSSION

As the parties are aware, this case is set for bench trial before the Land Commission. (ECF No. 560.) The Court reminds the parties that the authority of the Land Commission is limited: (1) the Land Commission cannot resolve issues of law outside the scope of determining just compensation; and (2) the Land Commission cannot revisit rulings the Court has already made. In other words, the Land Commission's consideration of just compensation must be within the legal rulings of this Court. The Court advises the parties to keep this in mind both as they review the remainder of this order, and during the upcoming bench trial. The Court first addresses below the United States' Motion in Limine, and then addresses the Landowners' Survey Motion.

### A. United States' Motion in Limine (ECF No. 541)

The United States moves *in limine* to preclude Landowners' expert witnesses Richard Roddewig and Dr. Terrence Clauretie from testifying at trial in light of the Court's prior exclusion of certain methodologies (income approach, value to the government) and evidence (the Qualtrics surveys) these experts relied on in preparing their reports under Federal Rules of Evidence ("FRE") 401 and 403. (ECF No. 541 at 2.) The United States alternatively seeks the Court's permission to point out on cross-examination of Mr. Roddewig and Dr. Clauretie that they had valuations excluded by the Court. (*Id.* at 19-20.) The Landowners counter that the Court should not preclude these two experts from testifying altogether because the Court has appointed the Land Commission consisting of experienced jurists well situated to resolve any evidentiary issues with these experts' testimony at trial, and because these experts' opinions were not entirely based on methodologies or evidence that the Court has already excluded. (ECF No. 547.) Subject to a caveat described below, the Court mostly agrees with the Landowners.

But the Court of course agrees with the United States that the Landowners' experts may not present opinions at trial based on evidence the Court has already excluded. Though the Court is not persuaded that it should preclude Mr. Roddewig and Dr. Clauretie from testifying altogether. As the Landowners point out, there are some opinions these two experts can present that are not based entirely on evidence that the Court has already excluded. (ECF No. 547 at 6-7.) Mr. Roddewig and Dr. Clauretie may still express opinions based on evidence that the Court has not excluded.

Further, the Court is generally persuaded by the Landowners' argument that the United States' Motion in Limine is not well taken because the Land Commission is capable of resolving evidentiary disputes to the extent they arise at trial.[2] (*Id.* at 7-9.) Moreover, "[g]enerally, a motion in limine based solely on relevance or unfair prejudice is improper when the matter is set for a bench trial." *Shaw v. Citimortgage, Inc.*, Case No. 3:13-CV-0445-LRH-VPC, 2016 WL 1659973, at *3 (D. Nev. Apr. 26, 2016) (citation omitted). That general rule applies here because this case is set for what is effectively a bench trial before the Land Commission. In addition, much of the United States' Motion in Limine is spent attacking the evidentiary weight that Mr. Roddewig and Dr. Clauretie's opinions should be accorded. But the Court is confident the Land Commission can assign their opinions the proper weight.

However, Mr. Roddewig and Dr. Clauretie may not present opinions based on: (1) either of their income-capitalization approach valuations of the Property (ECF No. 541 at 2 (citing ECF No. 497 at 9-14)); (2) Dr. Clauretie's valuation of the Property based on its 'value to the government' (*id.* at 3 (citing ECF No. 241 at 7)); or (3) the Qualtrics Surveys (*id.* (citing ECF No. 497 at 53)). The Court has already excluded this evidence in past orders. Moreover, Mr. Roddewig and Dr. Clauretie may not present opinions based on another expert's testimony, that, in turn, is based on evidence the Court has already

---

[2]To the extent the United States argues the testimony it seeks to exclude would be cumulative, the Land Commission is also capable of determining that. And there may be little strategic value in presenting cumulative evidence to the Land Commission anyway.

3

1 excluded. Faithful compliance with the Court's prior orders may mean that Mr. Roddewig
2 and Dr. Clauretie are not able to say much, or that their opinions are not entitled to much
3 weight—but, unlike threshold legal questions, those are issues that the Land Commission
4 should resolve. The United States' Motion in Limine is therefore mostly denied, except to
5 the extent necessary to make clear to the Landowners that Mr. Roddewig and Dr.
6 Clauretie—or any of the Landowners' other experts—may not present opinions based on
7 evidence the Court has already excluded.

The Court also denies the United States' alternative request that its attorneys be allowed to cross-examine Mr. Roddewig and Dr. Clauretie about their opinions that the Court has already excluded without opening the door for them to testify to their excluded valuations on re-direct. (ECF No. 541 at 19-20.) Landowners respond that there is no rule that would permit the United States to do this. (ECF No. 547 at 11.) The Court agrees. Moreover, allowing the United States to do this by granting its alternative, one-sided request would simply be unfair.

**B. Landowners' Survey Motion (ECF No. 545)**

In the Landowners' Survey Motion, they seek leave to make an offer of proof in question-and-answer format as to the Qualtrics Surveys that the Court has previously excluded. (ECF No. 545.) The United States counters that such an offer of proof is unnecessary because even the Landowners argue the evidence they seek leave to present will be consistent with the evidence the Court has already considered (ECF No. 557 at 2), and because "the issue was fully briefed and the Court ruled definitively on the record[]" (*Id.* at 3). The Court agrees with the United States.

The Landowners' Survey Motion is little more than a thinly-disguised motion for re-re-consideration[3] that does not raise any issues of newly-discovered evidence, clear

---

[3]The Landowners basically seek reconsideration of the Court's decision to exclude evidence based on the Qualtrics Surveys, which the Court decided on the United States' partial motion for reconsideration of a prior order denying the United States' request to exclude those surveys. (ECF No. 497 at 51-53.)

error, or a change in intervening law that would merit further reconsideration. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (listing reconsideration factors). The Landowners rely on FRE 103(c), which provides merely that the Court "may direct that an offer of proof be made in question-and-answer form." (ECF No. 545 at 3.) But, as the United States counters (ECF No. 557 at 3), FRE 103(b) provides, "[o]nce the court rules definitively on the record--either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal." FRE 103(b). And because the Court's prior ruling was definitive, the Landowners' proposed offer of proof is unnecessary. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011) (finding that the defendant "had no obligation to renew his objection at trial" when he objected to an expert's testimony in a motion in limine, and the district court ruled on that motion).

To the extent that is the Landowners' concern—preserving their right to appeal the Court's decision to exclude the Qualtrics Surveys—the Court's prior ruling (ECF No. 497 at 51-53) was definitive within the meaning of FRE 103(b). Indeed, the Court issued that written order after two rounds of briefing on the issue and ultimately decided to exclude the Qualtrics Surveys as unreliable.[4] (ECF No. 497 at 51-53.) *See also United States v. McElmurry*, 776 F.3d 1061, 1066-67 (9th Cir. 2015) (finding that a ruling was definitive for FRE 103(b) purposes when the judge gave a tentative oral ruling on a motion in limine but then later made that ruling definitive during the same court proceeding). The Court also agrees with the United States that an offer of proof seems particularly unnecessary here

---

[4]The Landowners cite *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) as the partial legal basis for their motion, and for the proposition that a party "should have the opportunity to lay a foundation for the admission of the survey." (ECF No. 545 at 3.) But *Wendt* does not compel a different result here because the Court reviewed and considered extensive briefing (and accompanying evidence apparently consistent with the evidence the Landowners now seek to offer) before deciding to exclude the Qualtrics Surveys, and issued a written ruling explaining why the Court excluded them. (ECF No. 497 at 51-53.) The Ninth Circuit ordered a remand in *Wendt* because of the "paucity of the record," which apparently consisted of not much more than the district court's statement in a summary judgment order that the evidence was "not a good survey." *Wendt*, 125 F.3d at 814.

where the Landowners represent the evidence they would like to offer is consistent with evidence the Court has already considered in deciding to exclude the Qualtrics Surveys as unreliable. (ECF No. 557 at 1-6.) That would be pointless.

The Court will thus deny the Landowners' Survey Motion.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the United States' motion in limine (ECF No. 541) is denied, except to the limited extent it is granted as specified herein.

It is further ordered that the Landowners' motion for leave to provide an offer of proof on the Qualtrics 1 and 2 surveys (ECF No. 545) is denied.

DATED THIS 8th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE