UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

400 ACRES OF LAND, more or less,
situated in Lincoln County, State of Nevada;
and JESSIE J. COX, *et al.*,

                              Defendants.

Case No. 2:15-cv-01743-MMD-NJK

ORDER

        In this eminent domain action, the Court has found that the United States' taking of property ("the Property")[1] for the purpose of operating the Nevada Test and Training Range ("NTTR"), a military test and training facility at Nellis Air Force Base, is for a congressionally authorized public use. (ECF No. 111 at 1.) The Court subsequently found that just compensation for the taking of the Property is $1,100,000, plus another $104,000 for its associated mineral estate (as separately agreed to by the parties), for a total of $1,204,000. (ECF No. 663 at 20.) The issue currently before the Court is how to distribute the just compensation award between the people and entities who had a property interest in the Property at the time of the taking. As further explained below, while the Court agrees with the government that everyone who had an interest in the Property at the time of the taking—that the government was able to locate and serve—should receive their appropriate share of the award, the Court will request the government's help in

---

        [1]The Property consists of approximately 400 acres of mining claims in Lincoln County, Nevada. (ECF No. 663 at 25.) It more specifically consists of "six patented mining claims totaling 87.49 acres and 15 unpatented mining claims totaling approximately 309.9 gross acres[.]" (*Id.*)

1    determining whether Amy Sears has disclaimed her interest in the Property before

2    entering an order governing the distribution of the award.

3          As additional background, the Court permitted the government to act as amicus to

4    assist the Court and the parties in apportioning the just compensation award. (ECF No.

5    666.) To that end, the government filed a brief with a proposed order as to how the award

6    should be apportioned. (ECF No. 668.) Property owners represented by the Law Offices

7    of Kermitt L. Waters, primarily members of the Sheahan family (the "Sheahan Family

8    Landowners") filed a limited opposition to the government's brief and proposed order.

9    (ECF No. 669.) The government then filed a notice of filing on behalf of Ms. Sandra Sears-

10   Lavallee, in which she asserted her interest in the Property. (ECF Nos. 670, 670-1.) The

11   Sheahan Family Landowners next filed a response to Ms. Sears-Lavallee's filing,

12   conceding that she was entitled to her share of the just compensation award. (ECF No.

13   671.) Finally, the government filed a reply accompanied by a revised proposed order,

14   which addressed all of the objections raised in the Sheahan Family Landowner's

15   opposition, save for one, and identified one other issue. (ECF No. 672.)

16         As noted, following this briefing, one dispute about distribution of the just

17   compensation award remains between the government and the Sheahan Family

18   Landowners. The Sheahan Family Landowners argue that only people who retained

19   attorneys and actively participated in this condemnation case are entitled to a share of the

20   just compensation award. (ECF No. 669 at 9-11.) The Sheahan Family Landowners refer

21   to these parties as 'participating defendants.' (*Id.* at 9.) The government counters this is

22   not the correct standard. (ECF No. 672 at 2.) The Court agrees with the government.

23         "It is settled that when a parcel of land is taken by eminent domain, every person

24   having an estate or interest at law or in equity in the land taken is entitled to share in the

25   award." *Swanson v. United States*, 156 F.2d 442, 445 (9th Cir. 1946). Because

26   "compensation is due at the time of taking, the owner at that time, not the owner at an

27   earlier or later date, receives the payment." *Id.*

28

1      Given this governing law, the Sheahan Family Landowners' argument that only

2 'participating defendants' are entitled to a share in the just compensation award is

3 unpersuasive. *See id.* Indeed, the Sheahan Family Landowners' argument is rendered

4 less persuasive by their failure to point to any applicable caselaw that supports their

5 argument. (ECF No. 669.) And it is rendered even less persuasive in light of their

6 concession that Ms. Sears-Lavallee is entitled to a share of the just compensation award,

7 even though she does not meet their definition of a 'participating defendant.' (ECF No.

8 671.) The Court thus rejects the Sheahan Family Landowners' argument that only

9 'participating defendants' are entitled to a share in the just compensation award, and will

10 likely adopt the government's revised, proposed distribution order, as it appears to address

11 all of the Sheahan Family Landowners' other concerns. (ECF No. 672 at 10-13.)

12      However, entering that order now would be premature because the government

13 alerted the Court to the unresolved issue of whether Amy Sears has disclaimed her

14 interest in the Property. (*Id.* at 4.) The Court will accordingly enlist the government's help

15 to finally determine whether Amy Sears has disclaimed her interest in the Property—an

16 interest that is valued at $29,389.35 and entitles her to receive that amount upon entry of

17 the distribution order—before entering a final order governing distribution of the just

18 compensation award.[2] (*Id.* at 14.)

19      It is therefore ordered that the government must serve a copy of this order on Amy

20 Sears, along with a copy of the government's briefs on these issues (ECF Nos. 668, 672).

21      It is further ordered that the government must also identify to Amy Sears the amount

22 she may be entitled to receive if she does not disclaim her interest in the Property when it

23 serves a copy of this order on her.

24      It is further ordered that, if Amy Sears wishes to disclaim her interest in the Property,

25 she must file a written disclaimer with the Court (or through the government, who must

26 _____

27     [2]As the government points out (ECF No. 668 at 2 n.1), "United States attorneys are expected to aid the court in such matters as amici curiae." Fed. R. Civ. P. 71.1(l), Advisory

28 Committee Notes (1951).

then file it with the Court) within 30 days of the date of entry of this order. If Amy Sears files no such disclaimer within the allotted time, the Court will conclude she has not disclaimed her interest, and will enter a subsequent order reflecting that she is entitled to her appropriate share of the just compensation award.

It is further ordered that the government must notify the Court in writing as soon as practicable if Amy Sears states to the government's counsel she no longer wishes to disclaim her interest in the Property before 30 days have elapsed.

DATED THIS 17th Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE